UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

EDMUND TERRY, individually and
on behalf of all others similarly situated,

       Plaintiffs,

v.                                CASE NO.:

WELLS FARGO BANK, N.A.,

       Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), through counsel and pursuant to 28 U.S.C. §§ 1332, 1446(a), and 1453, removes the above-captioned civil action currently pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, West Palm Beach Division.  In support of this Notice of Removal, Wells Fargo states:

## I.      BACKGROUND AND PROCEDURAL POSTURE

1.      On November 1, 2024, Plaintiff Edmund Terry ("Plaintiff") filed a putative class action Complaint against Wells Fargo in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *Edmund Terry v. Wells Fargo & Company d/b/a Wells Fargo Bank*,[1] Case No. 502024CA010488XXXAMB ("State Court Action").

2.      Plaintiff filed an Amended Complaint against Wells Fargo in the State Court Action on December 5, 2024.  Plaintiff sues Wells Fargo for alleged breach of fiduciary duties (Count I)

---

[1] Plaintiff Edmund Terry erroneously named Wells Fargo & Company d/b/a Wells Fargo Bank as a defendant instead of Wells Fargo Bank, N.A. in the original Complaint. The Amended Complaint names Wells Fargo Bank, N.A.

and conversion (Count II).  In support, Plaintiff alleges Wells Fargo denies reimbursing fraud when those reports are untimely despite Plaintiff's belief that accountholders do not have a reasonable opportunity to discover alteration of check payees when monthly statements do not include either copies of cancelled checks or identification of check payees.  Am. Compl. ¶¶ 33-42.

3.    On or about November 7, 2024, Wells Fargo was served with a copy of the Complaint, which is the initial pleading setting forth the claims for relief upon which this removal is based.

4.    Removal of this State Court Action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after Wells Fargo was served with the initial pleading on November 7, 2024.

5.    The United States District Court for the Southern District of Florida, West Palm Beach Division, is the district and division within which this action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action.

6.    In accordance with 28 U.S.C. § 1446(a), a true and correct copy of "all process, pleadings, and orders" docketed in the State Court Action are attached as **Exhibit A**.

7.    Pursuant to 28 U.S.C. § 1446(d), Wells Fargo has given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel.  Wells Fargo is also contemporaneously filing a Notice of Removal in the State Court Action, a copy of which (without exhibits) is attached as **Exhibit B**.

8.    As set forth below, this case is properly removed to this Court because this Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA").

## II.     GROUNDS FOR REMOVAL UNDER CAFA

9.      There is no presumption against removal under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

10.     Based on the Amended Complaint's allegations and the removal exhibits, this Court has subject matter jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because: (i) the putative class consists of at least 100 proposed class members, § 1332(d)(5)(B); (ii) the citizenship of at least one putative class member is different from that of Wells Fargo, § 1332(d)(2)(A); and (iii) the aggregate amount placed in controversy by the claims of Plaintiff and the putative class members exceeds $5,000,000, exclusive of interest and costs, § 1332(d)(2). *See S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).[2]

### A.     The Putative Class Consists of at Least 100 Proposed Class Members.

11.     To qualify for removal under 28 U.S.C. § 1332(d)(2), Wells Fargo must first establish Plaintiff's putative class contains 100 or more members. *See* 28 U.S.C. § 1332(d)(5)(B).

12.     Plaintiff purports to bring this action on behalf of "[a]ll of Defendant's checking account holders in the State of Florida who have sustained a loss within the past four years as a consequence of Defendant's payment of a check which was fraudulently altered by changing the name of the payee where the account holder was not on notice of the alteration until 30 days or more following the receipt of a monthly account statement resulting in the Defendant's denial of the fraud victim's claim for reimbursement on the basis that the claim was untimely." Am. Compl. ¶ 22.

---

[2] Wells Fargo does not admit the truth of the allegations in the Complaint and merely accepts them as true for the purposes of this Notice only.

13.     Plaintiff alleges that the number of class members is "so numerous that joinder of all members is impractical" given the "number of bank branches of the Defendant within the State," "the number of checking accounts maintained and serviced by the Defendant at each branch," and "the proliferation of check washing fraud schemes [] involving reporting *annual* losses substantially exceeding one hundred million dollars."  Am. Compl. ¶ 25 (emphasis added).

14.     Thus, given Plaintiff's estimation, the aggregate number of putative class members is at least 100 for purposes of § 1332(d)(5)(B).  *See, e.g.*, *Perret v. Wyndham Vacation Resorts, Inc.,* No. 11-CV-61904, 2012 WL 592171, at *2 (S.D. Fla. Feb. 22, 2012) (concluding plaintiff's allegation that "potentially thousands" of class members existed was sufficient on its face to establish jurisdiction in case removed under CAFA).

15.     Further, at present Wells Fargo has approximately 5.24 million customers with an interest in at least one open Wells Fargo Consumer Small & Business Banking account in the State of Florida.  *See* **Exhibit C**, Oscar Rodriguez Declaration, ¶ 4.  This supports that the aggregate number of putative class members is at least 100 for purposes of § 1332(d)(5)(B).

**B.     The Citizenship of at Least One Putative Class Member Is Different from that of Wells Fargo.**

16.     Minimal diversity of citizenship, as required by CAFA, exists between Wells Fargo and Plaintiff and/or the putative class members.  *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant"). Further, Wells Fargo is not a citizen of the State of Florida, where this action was originally filed. *See* 28 U.S.C. § 1332(d)(4).

17.     Plaintiff is and was at all relevant times a Florida resident domiciled Palm Beach County, Florida.  Am. Compl. ¶ 2 ("Plaintiff is a resident of Palm Beach County, Florida and is sui juris."); *see also Adderley v. Three Angels Broad. Network*, No. 18-23362-Civ-Scola, 2019 WL

7189887, at *2 (S.D. Fla. Dec. 26, 2019) ("[T]he state in which a person resides at any given time is also that person's domicile."). Therefore, Plaintiff is a Florida citizen for diversity jurisdiction purposes. *See, e.g.*, *Huchon v. Jankowski*, No. 06-10094-CIV, 2007 WL 221421, at *2 (S.D. Fla. Jan. 25, 2007) (finding defendant properly alleged plaintiff's citizenship by asserting in notice of removal plaintiff "was and is a Florida resident domiciled in Monroe County, Florida").

18.     Although Plaintiff mischaracterizes Wells Fargo as a Delaware corporation in the body of his Complaint (Am. Compl. ¶ 3), Wells Fargo is a national banking association organized under the laws of the United States with its principal office located at Sioux Falls, SD. *See* Office of the Comptroller of the Currency List of National Banks Active as of May 31, 2024, available at https://www.occ.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf.

19.     Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes. *See Wachovia v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that national banking associations be deemed citizens of the state designated in its articles of association as the locus of its main office); *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 942 (11th Cir. 2017) (same).

20.     Because Plaintiff (a Florida citizen) is diverse from Wells Fargo (a South Dakota citizen), the required minimal diversity exists under § 1332(d)(2)(A).

**C.     The Aggregate Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.**

21.     Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff's putative class claims meet this jurisdictional threshold.

22.     The amount in controversy is "an estimate of how much will be put at issue during the litigation," rather than "a prediction of how much the plaintiffs are ultimately likely to recover." *S. Fla. Wellness*, 745 F.3d at 1315 (internal citations and quotation marks omitted).  Wells Fargo's "notice of removal need only include a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89 (emphasis added).

23.     Plaintiff alleges that Wells Fargo accountholders have sustained "hundreds of millions of dollars in losses [] that occur *annually*" due to "widespread" and "prolific" check fraud. Am. Compl. ¶¶ 15, 17, 25 (emphasis added).

24.     Specifically, Plaintiff alleges his actual damages are in the amount of $19,878.00. Am. Compl. ¶¶ 13-14.  Plaintiff also seeks to recover "the loss of use of those funds from the time of their improper payment." *Id.* ¶ 42.

25.     Plaintiff alleges that his damages are "typical of the class," and therefore can be aggregated for amount in controversy purposes. (Am. Compl. ¶ 27) ("The individual claims of the Plaintiff are typical of the claims of the Class…and there is no [] material factual variation between Plaintiff's claims and those of the class.").

26.     Thus, the Court may extrapolate Plaintiff's damages as typical of the class for purposes of determining the amount in controversy. *See, e.g.*, *Pretka*, 608 F.3d at 769 (noting named plaintiff's claims must be "factually, not just legally, similar" in order to rely on plaintiff's typicality argument to apply to class); *Perret*, 2012 WL 592171, at *2, n.3 (relying on plaintiff's allegation that his claims were "typical" of the claims of the class members to conclude plaintiff's damages would be similar to the amount of damages of the other class members); *Wilmington Sav. Fund Soc'y, FSB v. Bus. Law Group P.A.*, 815CV02831T36TGW, 2016 WL 11491322, at *5 (M.D. Fla. Apr. 19, 2016) (same).

6

27. Plaintiff alleges that the number of class members is "so numerous that joinder of all members is impractical" given the "number of bank branches of the Defendant within the State," "the number of checking accounts maintained and serviced by the Defendant at each branch," and "the proliferation of check washing fraud schemes [] involving reporting *annual* losses substantially exceeding one hundred million dollars."  Am. Compl. ¶ 25 (emphasis added). Plaintiff also seeks to define the class as those accountholders impacted over a four year period. *Id.* ¶ 22.  Further, at present Wells Fargo has approximately 5.24 million customers with an interest in at least one open Wells Fargo Consumer Small & Business Banking account in the State of Florida. Rodriguez Dec. ¶ 4.

28. Therefore, given Plaintiff's estimate of $19,878.00 in actual damages, the number of Wells Fargo customers in the state of Florida, and based on Plaintiff's own allegation that the size of the class is "so numerous" due to "prolif[ic] check washing fraud schemes [] involving reporting *annual* losses substantially exceeding one hundred million dollars" (Am. Compl. ¶ 25) (emphasis added), it is unquestionably plausible that the aggregate amount in controversy exceeds the $5 million threshold under CAFA.  *See* 28 U.S.C. § 1332(d)(2).

29. Bolstering the amount in controversy calculation is Plaintiff's request for injunctive relief and attorneys' fees.  *See* Am. Compl. ¶¶ 1, 30, 31.

30. The Eleventh Circuit has "held that for amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *See S. Fla. Wellness*, 745 F.3d at 1316.  Put differently, courts in this Circuit assess the value of non-monetary relief as "the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted."  *Id.*  Under CAFA, that monetary value is aggregated and considered the monetary value that "would flow to the entire class if

declaratory or injunctive relief were granted." *Id.*  The monetary value of this prospective relief to plaintiffs is added to the monetary damages sought for the purposes of measuring the amount in controversy.  *See Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 927 (11th Cir. 2019) (commenting that the amount in controversy "is the total amount put at issue in the dispute, which includes the value of the injunctive relief requested and the money damages sought by the class.") (emphasis added).

31.     While these amounts are less quantifiable at this juncture, they may nonetheless be considered in determining that the amount in controversy has been plausibly met.  *See S. Fla. Wellness*, 745 F.3d at 1316;  *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014); Morrison, 228 F.3d at 1265.

32.     In sum, as (i) the putative class has greater than 100 members, (ii) there is minimal diversity between the parties, and (iii) the amount in controversy exceeds $5,000,000, this case is properly removed to this Court pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

## III.     RESERVATION OF RIGHTS

33.      In filing this Notice of Removal, Wells Fargo does not waive and expressly reserves any defenses, exceptions, rights, and motions, including the right to compel the matter to arbitration.  *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses").  No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Complaint.  Similarly, by filing this Notice of Removal, Wells Fargo does not agree class certification is appropriate and reserves all defenses and arguments concerning the same.

34.     Wells Fargo further reserves the right to supplement the evidence of the amount in controversy should this Court so require or should Plaintiff contest it. *See Dart Cherokee Basin*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

WHEREFORE, Defendant Wells Fargo Bank, N.A. respectfully requests that the above-captioned action now pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed to the United States District Court for the Southern District of Florida, West Palm Beach Division, and that said Court assume exclusive jurisdiction of this action and enter such other and further relief as may be necessary.

DATED: December 6, 2024

McGUIREWOODS LLP

/s/ Emily Y. Rottmann
Emily Y. Rottmann
Florida Bar No. 93154
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
(904) 798-3200
(904) 798-3207 (fax)
erottmann@mcguirewoods.com
flservice@mcguirewoods.com
clambert@mcguirewoods.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

9

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed

with the Clerk of the Court using CM/ECF on December 6, 2024.  I also certify that the foregoing

document is being served this day via e-mail on the following counsel:

> Jack Scarola, Esq.
> SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, P.A.
> 2139 Palm Beach Lakes Boulevard
> West Palm Beach, Florida 33409
> jsx@searcylaw.com
> mmccann@searcylaw.com
> scarolateam@searcylaw.com
>
> *Attorney for Plaintiff Edmund Terry*

*/s/ Emily Y. Rottmann*
Attorney
